IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COLUMBIA GRAIN, INC., a Corporation, | Case No: 3:14-CV-00115-BLW |
| Plaintiff, | |
| vs. | PROTECTIVE ORDER RE: CONFIDENTIALITY |
| HINRICHS TRADING, LLC, dba HINRICHS TRADING COMPANY; HINRICHS AND COMPANY, a general partnership; and JOHN DOES I-V, | |
| Defendants. | |

This matter having come before the Court pursuant to the parties STIPULATED MOTION FOR PROTECTIVE ORDER RE: CONFIDENTIALITY (Doc. No. 25); the Court having reviewed the Stipulated Motion and the Court file and good cause appearing therefore;

IT IS HEREBY ORDERED that the Stipulated Motion (docket no. 25) is GRANTED and that the following will govern this litigation:

1. All proprietary information including financial records, client information, commodity valuation information and privileged or other confidential information of the parties, such as subpoenaed phone records, obtained or disclosed in discovery in this matter may be designated by the parties as "Confidential Matter" or

"Confidential – Attorneys Only Matter." The designation of "Confidential Matter" or "Confidential – Attorneys Only Matter" must be clearly stated on the documents or information the parties wish to designate as such.

2. Except as hereinafter provided; by further Stipulation of the parties; or by Order of the Court, no information marked "Confidential Matter" or "Confidential – Attorneys Only Matter" may be disclosed to any person.

3. "Confidential Matter" may be disclosed to the parties; to counsel for the parties in this action who are actively engaged in the conduct of this litigation and the associates, secretaries and assistants of such counsel to the extent reasonably necessary to render professional services in the litigation; to the claim representatives of defendants' insurer who are actively engaged in overseeing this litigation; to the parties' expert witnesses; and, when necessary, to court officials involved in this litigation (including court reporters and persons operating video recording equipment at depositions). To the extent that persons not listed above are to view "Confidential Matter," a specific application for court approval or a Stipulation of the parties shall be required.

4. A deponent may, during a deposition, be examined about "Confidential Matter" if the deponent already knows of the confidential information contained therein. The parties and the parties' expert witnesses may, during a deposition, be examined about "Confidential Matter." All deposition exhibits which have been designated as "Confidential Matter" and deposition transcripts containing testimony regarding those exhibits, shall remain confidential and subject to this Protective Order.

5. Recognizing that the parties in this case are competitors in some markets, there are certain documents that are proprietary in nature and must be treated with the highest level of confidentiality so as to not bring about additional financial harm to the parties. Those records, if any, will most likely be contained in the information reviewed and relied upon by the experts in valuing the loss that has resulted from the fire that occurred in this matter. This information will be designated as "Confidential – Attorneys Only Matter." Any information designated as "Confidential—Attorneys Only Matter" can only be examined by counsel for the parties and counsel's employees, and third-party consultants or experts retained by counsel for assistance with respect to this lawsuit only.

6. A deponent may, during a deposition, be examined about "Confidential-Attorneys Only Matter" if the deponent already knows of the confidential information contained therein or the parties enter into a separate agreement prior to the deposition that such information may be disclosed. All deposition exhibits which have been designated as "Confidential-Attorneys Only Matter" and deposition transcripts containing testimony regarding those exhibits, shall remain confidential and subject to this Protective Order.

7. Subject to the Federal Rules of Civil Procedure, Federal Rules of Evidence, Local Rule 5.5 and any further Orders of the Court, "Confidential Matter" may be filed and offered into evidence at any hearing with appropriate redactions agreed upon by the parties. Any party may move the Court for an Order that the "Confidential

Matter" be filed under seal to prevent unnecessary disclosure if an agreement by the parties as to appropriate redactions cannot be reached. "Confidential-Attorneys Only Matter" may only be filed under seal. If such information will need to be discussed during trial testimony, the parties agree to work with the Court to determine the best way to present this evidence that would otherwise be under seal.

8. Persons obtaining access to "Confidential Matter" or "Confidential-Attorneys Only Matter" shall use the information for this litigation only, including appeals and retrials, and shall not use such information for any other purpose.

9. The attorneys of record are responsible for employing reasonable measures consistent with this Protective Order to control duplication of, access to, and distribution of copies of "Confidential Matter" and "Confidential-Attorneys Only Matter."

10. Review of "Confidential Matter" or "Confidential-Attorneys Only Matter" by counsel, experts, or consultants for the litigants shall not waive the confidentiality of the information or objections to production. Nor shall the inadvertent, unintentional, or in-camera disclosure of "Confidential Matter" or "Confidential-Attorneys Only Matter" under any circumstances be deemed a waiver, in whole or in part, of any parties' claims of confidentiality.

11. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy or admissibility of the "Confidential Matter" or "Confidential-Attorneys Only Matter."

SO ORDERED.



DATED: October 15, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court

PROTECTIVE ORDER
RE: CONFIDENTIALITY        -5-