IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COLUMBIA GRAIN, INC., a Corporation,<br><br>Plaintiff,<br><br>v.<br><br>HINRICHS TRADING, LLC, dba HINRICHS TRADING COMPANY; HINRICHS AND COMPANY, a general partnership; and JOHN DOES I-V,<br><br>Defendants. | Case No. 3:14-CV-115-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion filed by defendant Hinrichs to take the deposition of Kenneth Janes. Following an unsuccessful mediation session, the parties filed simultaneous briefs, and the motion is now at issue. For the reasons explained below, the Court will deny the motion.

## ANALYSIS

This case arises from a fire in defendant Hinrichs' garbanzo bean crib elevator that spread to plaintiff Columbia's crib elevators. Both elevators were destroyed. In the days following the fire, investigators examined the scene. One of the investigators was Kenneth Janes, retained by Columbia's insurer, Lloyds of London Insurance Company. Janes visited the site and wrote a report on his findings and conclusions.

Columbia filed this lawsuit against Hinrichs to recover its losses. The Court entered a Case Management Order setting a deadline of October 24, 2014, for factual

**Memorandum Decision & Order – page 1**

discovery, and a deadline of October 31, 2014, for Columbia to identify its expert witnesses. In its initial disclosures, Columbia identified Janes as a possible witness, and produced his written report to Hinrichs. But the deadlines for identifying Janes as either a fact witness or an expert witness came and went, and Columbia did not identify him as either. Hinrichs likewise did not identify Janes as a witness.

On January 12, 2015, Hinrichs' counsel informed Columbia's counsel that they wanted to take a video deposition of Janes to preserve his testimony for trial. Columbia objected, arguing that the deadlines for identifying fact and expert witnesses had passed.

Following an unsuccessful mediation with the Court's staff, Hinrichs filed a motion to take Janes' trial deposition. In support of its motion, Hinrichs cites *Lucas v. Pactiv Corp.,* 2009 WL 5197838 (W.D.Va. Dec. 22, 2009) for the proposition that there is a distinction between discovery depositions and trial depositions, and that trial depositions may be taken even after the discovery deadlines have passed.

But *Lucas* is distinguishable. In that case, the court allowed trial depositions to be taken only after finding that the deponents were "adequately identified . . . in a timely manner pursuant to the . . . court's Scheduling Order." *Id.* at *1. In contrast, Janes was not timely identified as either a factual or expert witness. Those deadlines expired at the end of October 2014, but Hinrichs did not seek his deposition until January of 2015.

Hinrichs must show good cause to extend the deadlines in the Court's Case Management Order. *Fed.R.Civ.P. 16(b)*; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir.1992). The focus of the good cause inquiry is "upon the moving party's reasons for seeking modification," not on the "degree of prejudice to the

**Memorandum Decision & Order – page 2**

party opposing the modification." *Id.* Good cause means scheduling deadlines cannot be met despite a party's diligence.

Here, Hinrichs argues that it would be "unjust" to require it to identify or depose Jane "when his role relative to Columbia Grain was not clear." *See Hinrichs Brief (Dkt. No. 40)* at pp. 3-4. But a simple phone call would have cleared up any confusion. If Hinrichs is arguing that it was misled into thinking that Columbia would identify Janes as a witness – because Columbia identified him in the initial disclosures and produced his report – the Court disagrees with that assessment. Columbia's actions actually fostered transparency, not opacity. By identifying Janes and turning over his report, Columbia gave Hinrichs a full and fair opportunity to determine whether to identify him as a witness well within the deadlines.

Under these circumstances, the Court cannot find that Hinrichs has shown good cause to extend the deadlines set forth in the Court's Case Management Order. Accordingly, the motion to take Janes' deposition will be denied.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to take the deposition of Janes (docket no. 40) is DENIED.



DATED: February 19, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court