IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COLUMBIA GRAIN, INC., a Corporation,<br><br>      Plaintiff,<br><br>      v.<br><br>HINRICHS TRADING, LLC, dba HINRICHS TRADING COMPANY; HINRICHS AND COMPANY, a general partnership; and JOHN DOES I-V,<br><br>      Defendants. | Case No.  3:14-CV-115-BLW<br><br>**PRETRIAL ORDER** |

On October 19, 2015, the Court's staff held a pretrial conference in this matter.  Based on that conference, the Court issues the following order:

NOW THEREFORE IT IS HEREBY ORDERED, that

1. **Legal Issues Remaining:**  The main issue in this case is whether defendant Hinrichs is responsible for a fire in its garbanzo bean crib elevator that spread to plaintiff Columbia's crib elevators.

2. **Jurors**: Seven jurors will be empaneled to try the case.  There are no alternates and the jury must be unanimous in its verdict.

3. **Jury Selection:**  Jury selection will begin on November 5, 2015, at 9:00 am in the Federal Courthouse in Coeur d'Alene, Idaho.  The parties consent to

have Senior United States Magistrate Judge Larry M. Boyle preside at the jury selection. Once the jury is selected, they will be sent home with instructions to return for the trial beginning November 9, 2015, at 8:30 am in the Federal Courthouse in Coeur d'Alene, Idaho.

4. **Preemptory Challenges**: Each side shall have 3 preemptory challenges.

5. **Time Alloted for Attorney Voir Dire**: Each side shall have 20 minutes for voir dire questioning by counsel.

6. **Magistrate Taking the Verdict**: All parties agree that, if necessary, a Magistrate Judge may take the verdict in this case.

7. **Trial Day**: Beginning on Monday, November 9, 2015, the Court will run trial from 8:30 a.m. to 2:30 p.m., with two 20 minute breaks. If necessary, the Court will run trial later.

8. **Break in the Trial:** No trial will be held on Wednesday November 11, 2015 (Veteran's Day) and Thursday November 12, 2015 (Judge Traveling).

9. **Time Allocation:** The Court estimates that a typical trial day consists of 5 hours of testimony. There are 8 trial days in this case, and so there will be 40 hours of testimony. Because the plaintiff carries the burden of proof, the plaintiff will receive a slightly higher allocation of hours. The Court will allocate the 40 hours as follows: Plaintiff 22 hours; Defense 18 hours.

10. **Trial Procedures:**

   a. The Court will generally control voir dire, and counsel will be limited to 20 minutes. Counsel are cautioned not to repeat questions already asked by the Court or other counsel and are advised that the Court will not permit voir dire which appears intended to influence the jury rather than explore appropriate concerns with a juror's ability to be fair and impartial.

   b. Counsel shall exercise good faith in attempting to reach a stipulation on undisputed facts and admission of exhibits.

   c. During trial, the jury will be in the box hearing testimony the entire trial day between 8:30 a.m. and 2:30 p.m., except for two standard fifteen minute morning and afternoon recesses.

   d. During the time the jury is in the jury box, no argument, beyond one-sentence evidentiary objections, shall be allowed to interrupt the flow of testimony. Almost all objections should be stated in one to three words ("hearsay", "asked & answered", "irrelevant", etc.). If counsel have matters that need to be resolved outside the presence of the jury, they are to advise the Court and counsel prior to the issue arising during trial so that it can be heard during a recess, or before or

**Pretrial Order -- page 3**

after the jury convenes. Where the need for such a hearing cannot be anticipated, the Court will direct the examining counsel to avoid the objectionable subject and continue on a different line of questioning so that the objection can be argued and resolved at the next recess. To avoid late-night sessions, counsel are advised to bring up all anticipated evidentiary questions in their pretrial briefs.

    1.    Examples of improper objections: "I object to that question, Your Honor, because I am sure that Charlie Witness did not read that document very carefully before he signed it"; or, "I object, Your Honor, because Charlene Witness has already testified that she can't remember". These "speaking objections" would suggest an answer.

e.    Counsel shall have enough witnesses ready to ensure a full day of testimony. If witnesses are unavoidable delayed, counsel shall promptly notify the court and opposing counsel.

f.    When counsel announce the name of a witness called to testify, the Court or the clerk will summon the witness forward to be sworn, the clerk will administer the oath and, after the witness is seated, ask the witness to state her or his name and spell her or his last name for the

**Pretrial Order -- page 4**

      record. I will then indicate to counsel that she or he may inquire of the witness.

g.     Please do not address parties or witnesses (including your own) by her or his first name unless such familiarity is clearly appropriate, and is not likely to be offensive to the witness or any juror. In case of doubt, don't.

h.     Your clients and your witnesses should be instructed that they should always refer to you and opposing counsel by last names.

I.     You are responsible to advise your clients, your witnesses and everyone associated with your client to avoid all contact with the jurors. This prohibition includes seemingly innocuous behavior like riding on an elevator with a juror, saying hello to a juror, or even acknowledging the juror's presence.

j.     I try to conduct at least 2 or 3 informal jury instruction conferences off the record to try and resolve most differences by agreement. Those sessions will be held at the end of the trial day and may stretch into the evening. At the end of those sessions, we will have refined the issues of contention so that I can give you a set of my final instructions and you can state your objections on the record.

**Pretrial Order -- page 5**



DATED: October 20, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court

**Pretrial Order -- page 6**